JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 07-08069 DDP ✓ |
| | ) | [CR 07-00122 DDP] |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PETITIONER'S MOTION** |
| v. | ) | **TO VACATE, SET ASIDE, OR CORRECT** |
| | ) | **HIS SENTENCE PURSUANT TO 28** |
| JUAN CARLOS TRUJILLO-CHAVEZ, | ) | **U.S.C. § 2255** |
| | ) | |
| Defendant. | ) | [Motion filed on 12/7/2007] |

This matter comes before the Court on Petitioner Juan Carlos Trujillo-Chavez's("Petitioner"'s) Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner moves this court to vacate his sentence and remand this matter for further proceeding, grant an evidentiary hearing, and assign new counsel. Having reviewed the materials submitted by the parties and considered the arguments advanced therein, the court DENIES Petitioner's § 2255 motion.

**I. BACKGROUND**

On May 21, 2007, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(c), Petitioner plead guilty to a single count of illegal reentry by an alien following

deportation, a violation of 8 U.S.C. § 1326. (Pet.'s Motion 1.)

In the plea agreement, Petitioner stipulated to a statement of facts, which formed the "factual basis" of the plea agreement. (Gov.'s Opp'n to Pet.'s Motion, Ex. B ¶ 8.) Specifically, Petitioner agreed that he was a citizen of El Salvador and not a citizen or national of the United States; that in 1996 he was convicted of an aggravated felony, which was residential burglary; that he was lawfully deported in 1998, 1999, 2000, 2001, 2004, and 2006; and, that he knowingly and voluntarily re-entered and remained in the United States without authorization. (Id. ¶ 8.) In signing the plea agreement, Petitioner further averred that no one had "threatened or forced [him] in any way to enter into [the plea] agreement;" he understood that he may be subject to collateral consequences, "including . . . deportation, removal"; he would give up his right to appeal any sentence imposed; and, he would waive direct appeal or collateral attack of his conviction and sentence, "except a post-conviction collateral attack based on a claim of ineffective assistance . . . ." (Id. ¶¶ 7, 19.) Additionally, Petitioner agreed that, "[e]xcept as set forth herein [the plea agreement], there are no promises, understandings or agreements between USAO and defendant and defendant's counsel . . . ." (Id. ¶ 13.)

After questioning Petitioner on March 22, 2007, regarding the plea agreement, this court found a factual and legal basis for the plea and that Petitioner's waivers of his constitutional rights were made freely, intelligently, and voluntarily. (Gov.'s Opp'n to Pet.'s Motion, Ex. C.) Accordingly, on May 21, 2007, this court sentenced Petitioner pursuant to 8 U.S.C. § 1326 (b)(2) to fifty-

one months imprisonment and a three year period of supervised release pursuant to the plea agreement. (Gov.'s Opp'n to Pet.'s Motion, Ex. A at 2.)

On December 11, 2007, Petitioner filed this motion for relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. (Pet.'s Motion 3.) On April 28, 2008, the government filed its Opposition to Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

### A. Legal Standard

Title 28 U.S.C. § 2255, the basic collateral remedy for persons confined pursuant to a federal criminal conviction, provides relief from sentences which are (1) imposed in violation of the Constitution or laws of the United States; (2) imposed by a court lacking jurisdiction; (3) imposed in excess of the maximum authorized by law; or (4) otherwise subject to collateral attack. The error alleged mut be a fundamental defect resulting in a "complete miscarriage of justice," an omission that is "inconsistent" with rudimentary demand of fair procedure, or an otherwise "exceptional circumstance." United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

Section 2255 provides that the court shall grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is not required where the petitioner's factual allegations, when reviewed against the record, fail to state a claim upon which relief may be granted. Hill v.

Lockhart, 474 U.S. 52, 60 (1985). "Entitlement to an evidentiary hearing based on alleged ineffective assistance . . . requires a showing that if [Petitioner's] allegations were proven at the evidentiary hearing, deficient performance and prejudice would be established." Turner v. Calderon, 281 F.3d 851, 890 (9th Cir. 2002).

The Sixth Amendment requires that criminal defendants be provided with effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686-700 (1984). The Supreme Court has held that the two-part test set forth in Strickland, applies to challenges to guilty pleas based on ineffective assistance. See Hill, 474 U.S. at 58. To sufficiently allege a claim for ineffective assistance of counsel, the petitioner must allege that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) counsel's substandard performance was prejudicial to the defense. Strickland, 466 U.S. at 687. There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. To meet the test for prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffective assistance claim." Id. at 700.

**B.   Analysis**

In his petition, Petitioner raises two main arguments. First, Petitioner avers that his guilty plea was involuntary. Second, Petitioner claims his legal counsel, Mr. Navarro, provided

4

ineffective assistance. On these grounds, Petitioner moves the court to vacate his sentence, grant an evidentiary hearing, and assign new counsel. The court addresses Petitioner's arguments in turn.

**1. Knowing and Voluntary Plea**

"A guilty plea is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998)(citing Brady v. United States, 397 U.S. 742, 748 (1970)). Here, Petitioner claims that his counsel coerced him into signing the plea agreement.

In determining whether a defendant's guilty plea satisfies the due process requirement for voluntariness, the Ninth Circuit focuses on the "thoroughness" of the Rule 11 hearing. United States v. Cook, 487 F.2d 963, 965 (9th Cir. 1973). A guilty plea is made voluntarily if it is not the result of force, threats, or promises apart from the plea agreement. Fed. R. Crim. P. 11(b)(2); see also Brady, 397 U.S. at 750. In assessing the voluntariness of a guilty plea, statements made by a criminal defendant contemporaneous with the plea are accorded great weight. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); see also United States v. Boniface, 601 F.2d 390, 393 (9th Cir. 1979).

In Boniface, the defendant claimed his counsel coerced him into pleading guilty by noting that he faced up to 140 years in prison if he was found guilty on all counts and sentenced consecutively. Boniface, 601 F.2d at 393. In that case, the Ninth Circuit panel concluded that "a careful review of the transcript of the plea hearing reveal[ed] that the trial court made an assiduous and thorough inquiry to satisfy itself that Boniface had been

informed about all relevant matters and that his plea was voluntary." Id. Accordingly, the Boniface court held that the defendant's plea agreement was not coerced. Id. at 393-94.

Here, Petitioner offers almost no facts in support of his claim that his plea was coerced. The sum of Petitioner's basis for claiming his plea was coerced is that counsel "threatened" to "withhold legal services if [Petitioner] did not sign the plea agreement offered by the government." (Pet.'s Motion 2.) Specifically, Petitioner contends that counsel did not investigate or present evidence of Petitioner's El Salvadorian citizenship and, relatedly, his involuntary deportation from Mexico back to the United States. However, Petitioner does not offer any proof that defense counsel did not indeed investigate. Rather, the record directly contradict's Petitioner's allegations. The plea agreement itself, signed by Petitioner, stated that Petitioner was a citizen of El Salvador. Furthermore, defense counsel was in possession of Petitioner's DHS A-file. In sum, there is no indication that Petitioner's counsel limited the services he provided in any way.

Absent any further explanation of when or in what way Petitioner was compelled to sign the plea agreement, the court is left to look to Petitioner's statements made in court under oath at the time that this court accept his plea. On March 22, 2007, this court accepted Petitioner's guilty plea. (Gov.'s Opp'n to Pet.'s Motion., Ex A, Ex. C.) Prior to doing so, this court questioned Petitioner. Petitioner was specifically asked whether anyone had threatened or forced him in any way to enter into the agreement and answered that he had not been. (Gov.'s Opp'n to Pet.'s Motion., Ex. A, Ex. B at 14.) Furthermore, in signing the plea itself,

Petitioner agreed that there were no additional agreements, understandings, or conditions outside of the plea agreement. (Gov.'s Opp'n to Pet.'s Motion., Ex. A, Ex. B at 14.) Based on Petitioner's statements in court on March 22, 2007, and Petitioner's failure to plead any facts in support of his claim that his plea was coerced, the court finds that Petitioner was informed of all relevant matters in connection with acceptance of his plea and his decision to enter into the plea agreement was voluntary.

### 2. Ineffective Assistance of Counsel

Petitioner contends that defense counsel rendered ineffective assistance when he: (1) failed to investigate or present mitigating circumstances, including Petitioner's El Salvadorian nationality; (2) misinformed Petitioner about the consequences of the plea agreement; (3) did not file a motion to suppress or a notice of appeal after repeated requests; and (4) did not file for downward role adjustment. (Pet.'s Motion 2.)

As noted above, Petitioner avers that "[defense counsel] failed to investigate [his] original immigration application for permanent resident alien card as well as his birth certificate clearly proving his citizenship [was] one of El Salvador." (Pet.'s Motion 8.) Petitioner alleges he was prejudiced by this failure. (Pet.'s Motion 5.) However, defense council was in possession of Petitioner's DHS A-file and Petitioner's El Salvadorian citizenship was recorded in the plea agreement itself, in contradiction to any allegation that defense counsel withheld investigative services or failed to investigate Petitioner's nationality. (See Leal Decl. ¶ 2; Gov.'s Opp'n to Pet.'s Motion, Ex. B, S.) Therefore, the court

7

was aware of this fact during sentencing, and Petitioner cannot claim prejudice due to a failure to highlight his El Salvadorian citizenship. Furthermore, Petitioner cannot demonstrate prejudice as a result of defense counsel's failure to argue that Petitioner's re-entry was involuntary.

Under 8 U.S.C. § 1326, an element of the offense of Improper Entry by Alien requires that improper entry to be voluntary. 8 U.S.C. §1326 (a). Petitioner argues he was wrongfully deported to Mexico and that he did not come back to the United States intentionally; therefore, the government did not establish the key element of improper entry. It is this argument, related to Petitioner's El Salvadorian citizenship, that Petitioner contends his counsel failed to present.

Petitioner's contentions, however, are contradicted by the multiple sworn statements he signed stating that he was a citizen of Guadalajara, Jaliso, Mexico. (Gov.'s Opp'n to Pet.'s Motion., Ex. G.) Furthermore, Petitioner has not produced, nor does his DHS A-file contain, any evidence to corroborate his story that he was deported from Mexico to the United States. Rather, Petitioner's file indicates that he has been deported to Mexico at least six times and returned to the United States each time. Included in Petitioner's file are three signed, sworn statements from 1998, 2000, and 2001 respectively each stating that he is a citizen of Mexico. (Def.'s Motion, Ex. S.) On July 4, 6006, Petitioner signed another statement swearing he was a citizen of Mexico. (Def.'s Motion, Ex. G.)

In the present action, even if Petitioner's initial presence in the United States was the result of being deported by Mexican

8

authorities, the Ninth Circuit has explained that "voluntarily remaining in the country after involuntary entry satisfies [the willful requirement under 8 U.S.C. 1326]." United States v. Quintana-Torres, 235 F.3rd 1197, 1200 (9th Cir. 2000). Here, Petitioner voluntarily remained in the United States for several months following entry and migrated to Los Angeles County. Thus, regardless of whether his initial entry was indeed the result of an involuntarily deportation back to the United States by Mexican authorities, Petitioner's remaining in the country illegally for months dispels the inference he was here involuntarily. As the government explains, "[i]t would be quite a different situation if [Petitioner] was found in San Diego County soon after his deportation, or hew as found attempting to contact law enforcement about his involuntary presence." (Go.v's Opp'n to Pet.'s Motion 7.) Furthermore, Petitioner admitted all the elements of § 1326 in his plea. (Gov.'s Opp'n to Pet.'s Motion, Ex. B.) See Quintana-Torres, 235 F.3rd at 1200. (Finding the defendant admitted all the elements of § 1326 at his sentencing to mitigate his sentence). Accordingly the court finds that Petitioner has failed to show either ineffective assistance of counsel or prejudice related to his counsel's alleged failure to investigate Petitioner's citizenship or to present evidence that Petitioner had been deported from Mexico.

Next, Petitioner alleges that counsel was ineffective when he "misinformed defendant about [the] effect of [the] plea agreement." (Pet.'s Motion 3.) In particular, Petitioner alleges that defense counsel told him that his plea agreement would not result in his immediate deportation and that he would have the right to re-obtain

his permanent legal status. (<u>Id.</u>)  As discussed above, Petitioner has not demonstrated that the plea agreement was either unknowing or involuntary.  In the plea, Petitioner agreed that he "understands that the conviction in this case may subject [him] to various collateral consequences, including but not limited to, deportation, removal . . . ." (Gov.'s Opp'n to Pet.'s Motion., Ex. B.)  Accordingly, Defendant was aware at the time he entered into the plea agreement that his plea could result in either deportation or removal, and he cannot sustain a allegation of ineffective assistance on this basis.

Petitioner further argues that counsel was ineffective when he refused to file notice of appeal despite Petitioner's repeated requests. Petitioner fails to show how counsel's decision not to appeal was the result of error.  Petitioner waived his right to appeal as a term of his plea agreement; therefore, Mr. Navarro's refusal to file an appeal was reasonable.  Furthermore, Petitioner has not raised any meritorious claims counsel could have hypothetically raised on appeal. <u>See</u> <u>Boag v. Raines</u>, 769 F.2d 1341, 1344 (9th Cir. 1985)("Failure to raise meritless arguments does not constitute ineffective assistance.").  Thus, Petitioner fails to demonstrate any prejudice as required to support a finding of ineffective assistance of counsel.

Finally, Petitioner argues counsel's decision not to file a motion to suppress or to argue for a downward departure constituted ineffective assistance. Petitioner claims that his counsel failed to raise a suppression issue, but Petitioner does not allege any facts indicating what that suppression issue involves.  Therefore, Petitioner cannot allege prejudice on this basis.  As to defense

10

counsel's failure to argue for a downward departure, Petitioner knowingly and voluntarily signed the plea agreement. If defense counsel had argued for additional departures, he would have been going outside of the plea agreement. Furthermore, Petitioner has not offered any potential grounds for granting a downward departure. Accordingly, the court cannot conclude based on these facts that defense counsel was ineffective or that Petitioner suffered prejudice.

**III. CONCLUSION**

For the foregoing reasons, the court DENIES Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: April 26, 2011

DEAN D. PREGERSON
United States District Judge